Eastern District of Kentucky
F I L E D
JUL 19 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 18-225-HRW

**JANICE LOUISE WARREN,**                                           **PLAINTIFF,**

v.                  **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on October 27, 2014, alleging disability beginning on November 2, 2012, due to physical and mental impairments (Tr. 223). She amended the date of alleged onset to April 21, 2016, the date after a prior unfavorable administrative decision (Tr. 211, 307).

The instant application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Susan Brock (hereinafter "ALJ"). At the hearing, Linda Jones, a vocational expert (hereinafter "VE"), testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 44 years old at the time she alleges she became disabled. She has a high school education and her past relevant work experience consists of work as an office helper, file clerk, general clerk and cook's helper (Tr. 234).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability, April 21, 2016, through her date last insured, December 31, 2017.

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, osteoarthritis of the right knee, shoulder bursitis, cervical and thoracic degenerative disc disease and anxiety, which he found to be "severe" within the meaning of the Regulations.

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ found that Plaintiff could return to her past relevant work as an office helper and further determined that she has the residual functional capacity ("RFC") to perform light work as defined by the regulations except for work that physically does not require climbing ladders, ropes, and scaffolds; more than frequent stooping; more than occasional climbing ramps and stairs, kneeling, crouching, crawling, or overhead reaching; and that accommodates her need for a 30-minute sit/stand option. Mentally, she is able to understand, remember, and carry out simple instructions and tasks in object-focused settings with casual, infrequent contact with coworkers and supervisors and no public interaction.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must consider whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ's finding at Step 4 is flawed; (2) the ALJ did not properly assess her credibility; and (3) the ALJ did not adequately consider the opinion of consultative psychological examiner, Annette Freel, M.S.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ's finding at Step 4 is flawed. She points out that the ALJ in the instant claim made a finding that the claimant could return to her past relevant work as a "office helper" even though two prior administrative decisions including findings that she could not. Plaintiff argues that the ALJ's finding at Step 4, that claimant could return to her past relevant work runs afoul *Drummond v. Comm'r of Soc. Sec.,* 126 F.3d 837 (6th Cir. 1997).

In *Drummond*, the Sixth Circuit discussed the application of res judicata in social security administrative proceedings where there is a prior ALJ ruling on an earlier claim filed by the same claimant. *Id.*

*Drummond* spawned an era of confusion, the tangled case law and turgid Latin of which need not be dwelled upon here as the Sixth Circuit recently clarified *Drummond*. The Court held that *Drummond* was never intended to preclude an ALJ "from giving a **fresh look** to a new application containing new evidence ... that covers a new period of alleged disability" or "from revisiting [an] earlier finding ... unless [the claimant] offered new and material evidence of a changed condition." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018).

*Earley* explained that courts had "overread" *Drummond*, which was based only on principles of res judicata "with an accent on the word 'principles'" and was never intended to create rigid rules based on medical improvement or deterioration. A subsequent ALJ should always determine a claimant's RFC based on a "fresh look" at the evidence. *Id.* at 934.

*Earley* establishes that regardless of her chances of success, an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing. To be sure, an applicant who introduces no new evidence should not have "high expectations" of success, but the claimant should not come into the new hearing and face a presumption that the findings at the prior hearing were correct.
In this case, the ALJ found new evidence regarding Plaintiff's capacity to perform past relevant work, specifically, the VE's testimony that a hypothetical individual of Plaintiff's age, education, and work experience with limitations the same as those ultimately determined by the ALJ to be those of Plaintiff could perform her past relevant work as an office helper as generally performed

5

in the national economy, thus warranting a different finding than previously made.

Further, based on additional persuasive VE testimony, the ALJ also found that Plaintiff would be able to perform other unskilled light exertion occupations existing in significant numbers in the national economy. This circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds no error at Step 4.

Plaintiff's second claim of error is that the ALJ did not properly assess her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, [her] conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the [] evidence in the record' (Tr. 20). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. In her assessment, the ALJ pointed to evidence in the record of relatively conservative treatment, a longitudinal normal gait, and her activities of daily living such as caring for herself, her home, and family (Tr. 20). The Court finds no error in this regard.

Finally, Plaintiff argues that the ALJ did not adequately consider the opinion of consultative psychological examiner, Annette Freel, M.S.

Ms. Freel, a licensed psychological examiner, performed a consultative psychological examination of Plaintiff in August 2016 (Tr. 352-356). Ms. Freel noted that Plaintiff reported experiencing depression and anxiety for at least the previous ten years. Ms. Freel noted that Plaintiff denied any hospitalization for psychiatric or mental health problems and was not receiving any mental health services at that time. Plaintiff said that she was not as depressed as she used to be. Ms. Freel also noted that Plaintiff reported that she was not experiencing pain at the time of the examination, but it was worse when she was up all day, doing a lot of shopping, or a lot of housework. Nevertheless, Plaintiff reported completing household chores two to three times a week and grocery shopping once a week. Ms. Freel noted that Plaintiff's posture and gait were normal. She reported that Plaintiff's affect was generally flat, but that she was "able to be moved" and she was fully oriented with her thought processes being goal oriented and content appropriate. Ms. Freel assessed Plaintiff with slight limitations in the ability to reason, use judgment and insight in a work setting and understand, remember and carry out instructions toward a simple repetitive task; slight to moderate limitations in Plaintiff's ability to respond appropriate to supervision and coworkers in a work setting; moderate to marked limitation in her ability to sustain attention, concentration, and persistent towards performance of a simple tasks; and marked limitations in her ability to deal with work pressures and adapt, acclimate and learn work processes (Tr. 352-356).

The ALJ gave "some" weight to Ms. Freel's opinion but, Plaintiff, maintains that the ALJ failed to consider the more severe restrictions suggested by her.

7

As a general matter, an opinion from a medical source who has examined a claimant is given more weight than that from a source who has not performed an examination (a "nonexamining source"), [20 C.F.R.] § 404.1502, 404.1527(c)(1), and an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"), *id.* § 404.1502, 404.1527(c)(2). In other words, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996).

An ALJ can discount the opinion of a consulting physician where it is based primarily on subjective complaints related by the claimant and/or it is inconsistent with other evidence in the record. *See generally, Matney v. Sullivan,* 981 F.2d 1016, 1020 (9th Cir.1992).

The ALJ pointed out that Ms. Freel's opinion that was inconsistent with her own findings and longitudinal normal mental status findings. The ALJ further found Ms. Freel's more restrictive opinions to be odds with other medical evidence in the record. This is adequate. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir.

1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 18th day of July, 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge